DICKINSON, Presiding Justice,
dissenting:
¶32. The majority incorrectly concludes that the trial judge “improperly shifted the burden of proof to the Hoovers.” This did not happen. To say that the “burden of proof’ never leaves the party asserting a claim or defense is not to say that the defending party never has a burden.
¶ 33. The burden of proof is actually divided into two burdens or parts: The burden to produce evidence, and the burden to persuade. The trial of an issue— whether a claim or defense — proceeds in three stages. In stage one, the party asserting a claim or defense has the burden of producing enough credible evidence to establish a prima facie case for the claim or defense.
¶34. Once this burden — which never moves from the party asserting the claim or defense — is met, the trial of the issue moves to stage two, in which the defending party has the burden of producing evidence sufficient to create a jury issue. "When a defending party fails to meet this burden — that is, fails to produce evidence sufficient to create a jury issue — the party asserting the claim or defense is entitled to a directed verdict on the claim or defense.
¶35. Finally, during stage three, the party asserting the claim or defense has the burden of persuading the jury that the evidence supports the claim or defense by the applicable standard, whether preponderance of the evidence, clear and convincing evidence, or beyond a reasonable doubt.
¶ 36. USAA asserted a defense, claiming that a policy exclusion applied. During stage one, it certainly produced sufficient evidence to support the defense. During stage two, the Hoovers not only failed to produce evidence sufficient to create a jury issue as to USAA’s defense, they failed to produce any evidence at all. Therefore, the issue never made it to stage three.
¶ 37. The trial judge, who clearly recognized that USAA had the burden of proof correctly observed that — because USAA had produced sufficient, competent, credible evidence to support its policy exclusion — it had, as a matter of law, met its burden of proof, absent some contrary proof from the Hoovers. The trial judge’s position is perfectly supported by the Fifth Circuit’s opinion in Bayle v. Allstate Insurance Co.[10]
¶ 38. Had the Hoovers met their burden of production — that is, had they come forward with contrary proof — a jury issue would have been created, and the issue would have been submitted to the jury for decision. But the burden of persuasion still would have been on USAA. The majority forgets that USAA always had the burden of producing proof sufficient to establish a prima facie case, and it confuses the Hoovers’ burden of producing evidence in order to create a jury issue, with USAA’s burden of persuasion.
¶ 39. Justice Coleman’s opinion — that the Hoovers’ failure to produce any con *647 trary evidence properly resulted in a directed verdict on the issue — is exactly correct, under the facts of this case. But I wish to point out that there may be cases where the evidence supporting an exclusion presented by the insurance company is so thin and lacking in credibility that a trial judge would be justified in submitting its credibility to the jury, even in the absence of contrary evidence. Stated another way, a policyholder may demonstrate that a jury question has been created in two ways: (1) by producing contrary evidence, or (2) by persuading the trial judge that the jury should be allowed to decide whether the insurance company’s uncon-tradicted evidence is so lacking in credibility that it ought to be rejected. In either case, the burden to produce evidence establishing a prima facie case, and the burden of persuasion remains always with an insurance company as to its affirmative defenses.
COLEMAN, J., JOINS THIS OPINION.

. Bayle v. Allstate Ins. Co., 615 F.3d 350, 359 (5th Cir.2010).